1  STEPHEN YAGMAN (SBN 69737)
2  filing@yagmanlaw.net
3  YAGMAN + REICHMANN, LLP
   333 Washington Boulevard
4  Venice Beach, California 90292-5152
5  (310) 452-3200

6  Attorneys for Plaintiffs and
7  Class Members

8              UNITED STATES DISTRICT COURT
9
10             CENTRAL DISTRICT OF CALIFORNIA
11                    WESTERN DIVISION
12

| | |
|---|---|
| J. AGUIRRE, J. ROLDAN, J. STANLEY, M. ALMERAZ, J. CABRERA, S. CANO, J. HUTCHINS, M. MUNOZ, O. RAMIREZ, E. SANCHEZ, D. SMITH, D. SHANNON, C. WILGUS, W. RAINS, J. GUZMAN, K. BROWN, T. GILBERT, E. GUZMAN, T. LAVAN, T. SHIVERS, V. LOPEZ, A. LOPEZ, R. CASEY, R. DARBINIAN, J. McDANIEL, C. JAUREGUI, A. GOZUKARA, R. SANCHEZ, V. BANKS, A. BANUELOS, T. BROOKS, J. FARIAS, W. JONES, J. MARROQUIN, P. MOUNT, G. RAMIREZ, E. URRIETA, M. ZINKOWITZ, J. RIOS, J. BARTON, A. COLLINS, W. C. LOGAN, and CLASS MEMBERS, Plaintiffs, | COMPLAINT<br><br>(Civil Rights, Damages under 42 U.S.C. § 1983; RICO, 18 U.S.C. § 1961, *et seq.*, Tampering with United States Mail, Denial of Access to Courts, Holding on Cash Bail that Is Unaffordable, Obstruction of Justice, Conspiracy)<br><br>CLASS ACTION ALLEGATIONS<br><br>JURY DEMAND |

v.

ALEJANDRO VILLANUEVA, KATHRYN BARGER, JANICE HAHN, SHEILA KEUHL, HOLLY MITCHELL, HILDA SOLIS, and 10 UNKNOWN NAMED DEFENDANTS,

Defendants.

Plaintiffs make the following allegations in support of the this complaint:

## JURISDICTION AND VENUE

1. Plaintiff asserts federal claims, under 42 U.S.C. § 1983 and 18 U.S.C. § 1961, *et seq.*, against defendants, subject matter jurisdiction lies pursuant to 28 U.S.C. § 1331 of these federal claims.

2. The matters that are the bases for this action occurred in Los Angeles County, California, and therefore venue lies in the United States District Court for the Central District of California, and in its Western Division, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

3. Plaintiffs are victims who has been subject to Los Angeles Sheriff Department ("LASD") police misconduct, conspiracy, and racketeering; and defendants are **ALEJANDRO VILLANUEVA**, Los Angeles County Sheriff, **KATHRYN BARGER, JANICE HAHN, SHEILA KEUHL, HOLLY MITCHELL,** and **HILDA SOLIS**, who are Los Angeles County supervisors, and **10 UNKNOWN NAMED DEFENDANTS, 1-10**, all of whom are referred to collectively as "defendants", and the defendants who are **10 UNKNOWN NAMED DEFENDANTS**, whose true identities presently are unknown, who

participated in the wrongful acts alleged hereinbelow, whose conduct is culpable, whose unknown names will be replaced by their true identities when those true identities are learned, or are persons and/or entities whose true names presently are unknown, and who may have engaged in some conduct that is culpable with respect to plaintiff, as set forth hereinbelow. All defendants engaged in the same conduct by participating in, facilitating, and making the decisions that resulted in the wrongs hereinbelow alleged.

4. Defendants, each and all, are sued in both their individual capacities and in their official capacities, for the policy and custom claims made under *Monell v. Dep't of Soc. Svcs. of the City of New York*, 436 U.S. 657 (1978), with respect to which claims only, defendants are sued in their official capacities only, and for all other claims are sued in both capacities.

5. Plaintiffs are persons who have been subjected to thuggery and RICO violations and federal constitutional violations by defendants.

6. Defendants and each of them play and played some material role in the wrongful acts and/or omissions alleged hereinbelow and in the setting and carrying out of policies of the LASD, all defendants at all times acted with deliberate indifference to plaintiff's rights, as alleged herein, and their policies and customs were the moving forces behind the wrongs that were visited on plaintiffs.

## ALLEGATIONS COMMON TO EACH COUNT

7. Each and every allegation set forth in each and every averment herein is incorporated by this reference in each and every other averment and allegation of this pleading.

8. All acts and/or omissions perpetrated and/or engaged in by each defendant, in their individual capacities, were done maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, with evil motive and/or intent, in disregard of the

rights of plaintiffs and class members, and in clear violation of the federal Constitution and of the California Constitution, and of controlling federal law, both statutory and common law, as set forth by both the United States Supreme Court and the United States Court of Appeals for the Ninth Circuit. At all times set forth herein all defendants acted under color state law.

9. From on or about February 1, 2022 to present, defendants and each of them have inflicted the following constitutional injuries on plaintiffs: held them in custody on cash bail of that they cannot afford to pay; intercepted and delayed both delivery of USPS mail to them from their legal counsel and the mailing out of USPS mail from him to their legal counsel, and thereby obstructed plaintiffs' access to the courts and obstructed justice.

10. The non-LASD defendants, each and all, are legally liable for all of this wrongful conduct because, with deliberate indifference, they caused it, ratified it, condoned it, or otherwise made it possible, by their actions and/or inactions, and by a willful failure to fund policies that might correct and prevent constitutional violations, and caused and/or created LASD policies, practices, procedures, and/or customs, that caused the LASD sheriff's and officers' unconstitutional conduct, and because all of them failed in their duty to train police in proper, allowable, constitutional policing and jail procedures, and their failures amounted to deliberate indifference to the rights of persons with whom the police come into contact.

**COUNT ONE**
(Against All Defendants, 42 U.S.C. § 1983)

11. By virtue of the foregoing allegations, all defendants are liable to plaintiffs, pursuant to 42 U.S.C. 1983, for violations of plaintiffs' right of access to the federal courts, and not to be subjected to unreasonable interference with and obstruction of mail sent by them to their lawyer and mail sent by their lawyer to them.

12. The non-officer county officials who are defendants are responsible for the Eighth Amendment violations and Fourteenth Amendment violations committed by deputy sheriff defendants because the members of the board of supervisors and sheriff set the policies and accepted the customs of the sheriff's department, among which were unconstitutional infliction of police thuggery on persons, and plaintiffs herein were subjected to such thuggery.

13. The non-officer county officials who are defendants are responsible for the Eighth Amendment violations and Fourteenth Amendment violations committed by the deputy sheriff defendants because the board of supervisor members, and the sheriff each and all, individually and collectively set the policies and accepted the customs of the sheriff's department, among which were unconstitutional, interference with prisoner mail, and plaintiff herein was subjected to that misconduct, that has been ratified by these defendants.

## COUNT TWO
(Against All Defendants for Conspiracy Under § 1983)

14. By virtue of the allegations set forth hereinabove, all defendants also are liable to plaintiff for conspiracy to violate plaintiffs' Eighth Amendment and Fourteenth Amendment rights, pursuant to § 1983, because they had an agreement and/or understanding that the wrongs perpetrated would be perpetrated, and then those wrongs were perpetrated.

15. More specifically, the sheriff and supervisors, for many years, have been aware of and permit and condone deputy sheriff misconduct, so that deputies feel free to violate the Constitution's Eighth and Fourteenth Amendments, and here did so, and the sheriff and supervisor defendants failed to investigate and/or covered-up what occurred in this matter, and thereby approved of it, condoned it, acquiesced in it, and ratified it, with a meeting of their minds that this kind of unconstitutional conduct would occur.

16. The non-police defendants are aware that Sheriff's Dept. engaged in this conduct and condoned it and ratified it.

### COUNT THREE
(Against All Defendants, Under Sec. 1983, *Monell*)

17. "[When] the complaint plausibly alleges a policy, custom, or practice leading to that violation[, s[ee *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)[,] [and] Plaintiffs' allegations amount to . . . more than an 'isolated or sporadic incident[ ]' that . . . forms the basis f *Monell* liability for an improper custom. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)." *Saved Magazine v. Spokane Police Dep't*, 19 F.4th 1193, 1201 (9th Cir. 2001). Herein, all defendants are liable to all plaintiffs because they had and have, and foster, policies, practices, procedures, and customs of Eighth and Fourteenth Amendment violations by members of LASD, which policies, *etc.*, in violation of the these Amendments, were the moving forces that caused the violations of the plaintiffs' rights, as alleged herein, and, also the supervisor defendants are liable because they have a custom of improperly indemnifying, and of conspiring to indemnify, LASD deputies for punitive damages assessed against those deputies by juries in civil rights cases, or settling those cases to avoid having to vote on whether or not to make such indemnifications, because this practice was a moving force that caused the violations of the plaintiffs' rights as alleged herein.

18. Additionally, the supervisor defendants for many years have been aware of and permit and condone and permit their various and successive sheriffs to not properly administer the sheriff's department, and provide no proper training or discipline of deputies, so that deputies feel free to violate the Constitution and here did so, and the supervisor defendants have failed to investigate the matter, and to take action against the sheriff, and thereby approved of them, condoned them, approved of them, and ratified them, with a meeting of their minds that this would occur.

19. The supervisor defendants are aware that LASD deputies customarily use violate prisoners' constitutional rights, and they have approved of such conduct and condoned it and ratified it, as they have done in this instance.

20. This is their policy and custom, to do so.

### COUNT FOUR
(Against All Defendants Under § 1983)

21. By virtue of the foregoing allegations, all defendants are liable to plaintiff, pursuant to 42 U.S.C. 1983, for violation of plaintiffs' right not to be held as a prisoner solely because they are too poor to afford to pay cash bail.

22. The non-officer county officials who are defendants are responsible for the Eighth Amendment violations and Fourteenth Amendment violations committed by deputy sheriff defendants because the members of the board of supervisors and sheriff set the policies and accepted the customs of the sheriff's department, among which were unconstitutional infliction of police thuggery on persons, and plaintiffs herein were subjected to such thuggery.

23. The non-officer county officials who are defendants are responsible for the Eighth Amendment violations and Fourteenth Amendment violations committed by the deputy sheriff defendants because the board of supervisor members, and the sheriff each and all, individually and collectively set the policies and accepted the customs of the sheriff's department, among which were unconstitutional holding in inmates who could not afford to pay the cash bail set forth them, and plaintiffs herein were subjected to that misconduct, that has been ratified by these defendants.

### COUNT FIVE
(Against All Defendants for Conspiracy Under § 1983)

24. By virtue of the allegations set forth hereinabove, all defendants also are liable to plaintiffs for conspiracy to violate plaintiffs' Eighth Amendment and Fourteenth Amendment rights, pursuant to § 1983, because they had an agreement

and/or understanding that the wrongs perpetrated would be perpetrated, and then those wrongs were perpetrated.

25. More specifically, the sheriff and supervisors, for many years, have been aware of and permit and condone deputy sheriff misconduct, so that deputies feel free to violate the Constitution's Eighth and Fourteenth Amendments, and here did so, and the sheriff and supervisor defendants failed to investigate and covered-up what occurred in this matter, and thereby approved of it, condoned it, acquiesced in it, and ratified it, with a meeting of their minds that this kind of unconstitutional conduct would occur.

26. The non-police defendants are aware that Sheriff's Dept. engaged in this conduct and condoned it and ratified it.

## COUNT SIX
(Against All Defendants, Under Sec. 1983, *Monell*)

27. "[When] the complaint plausibly alleges a policy, custom, or practice leading to that violation[, s]ee *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)[,] [and] Plaintiffs' allegations amount to . . . more than an 'isolated or sporadic incident[ ]' that . . . forms the basis f *Monell* liability for an improper custom. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)." *Saved Magazine v. Spokane Police Dep't*, 19 F.4th 1193, 1201 (9th Cir. 2001). Herein, all defendants are liable to all plaintiffs because they had and have, and foster, policies, practices, procedures, and customs of Eighth and Fourteenth Amendment violations by members of LASD, which policies, *etc.*, in violation of the these Amendments, were the moving forces that caused the violations of the plaintiffs rights, as alleged herein, and, also the supervisor defendants are liable because they have a custom of improperly indemnifying, and of conspiring to indemnify, LASD deputies for punitive damages assessed against those deputies by juries in civil rights cases, or settling those cases to avoid having to vote on

whether or not to make such indemnifications, because this practice was a moving force that caused the violations of the plaintiffs' rights as alleged herein.

28. Additionally, the supervisor defendants for many years have been aware of and permit and condone and permit their sheriffs to not properly administer the sheriff's department, and provide no proper training or discipline of deputies, so that deputies feel free to violate the Constitution and here did so, and the supervisor defendants have failed to investigate the matter, and to take action against the sheriff, and thereby approved of them, condoned them, approved of them, and ratified them, with a meeting of their minds that this would occur.

29. The supervisor defendants are aware that LASD deputies customarily use violate prisoners' constitutional rights, and they have approved of such conduct and condoned it and ratified it, as they have done in this instance.

30. This is their policy and custom, to do so.

## COUNT SEVEN
(Against All Defendants, 42 U.S.C. § 1983)

31. By virtue of the foregoing allegations, all defendants are liable to plaintiff, pursuant to 42 U.S.C. 1983, for violation of plaintiffs' right not to be subjected to obstruction of justice.

32. The non-officer county officials who are defendants are responsible for the Eighth Amendment violations and Fourteenth Amendment violations committed by deputy sheriff defendants because the members of the board of supervisors and sheriff set the policies and accepted the customs of the sheriff's department, among which were unconstitutional infliction of police thuggery on persons, and plaintiffs herein were subjected to such thuggery.

33. The non-officer county officials who are defendants are responsible for the Eighth Amendment violations and Fourteenth Amendment violations committed by the deputy sheriff defendants because the board of supervisor members, and the sheriff, each and all, individually and collectively set the

policies and accepted the customs of the sheriff's department, among which were unconstitutional, interference with prisoner mail, and plaintiffs herein were subjected to that misconduct, that has been ratified by these defendants.

### COUNT EIGHT
(Against All Defendants for Conspiracy Under § 1983)

34. By virtue of the allegations set forth hereinabove, all defendants also are liable to plaintiff for conspiracy to violate plaintiffs' Eighth Amendment and Fourteenth Amendment rights, pursuant to § 1983, because they had an agreement and/or understanding that the wrongs perpetrated would be perpetrated, and then those wrongs were perpetrated.

35. More specifically, the sheriff and supervisors, for many years, have been aware of and permit and condone deputy sheriff misconduct, so that deputies feel free to violate the Constitution's Eighth and Fourteenth Amendments, and here did so, and the sheriff and supervisor defendants failed to investigate and covered-up what occurred in this matter, and thereby approved of it, condoned it, acquiesced in it, and ratified it, with a meeting of their minds that this kind of unconstitutional conduct would occur.

36. The non-police defendants are aware that Sheriff's Dept. engaged in this conduct and condoned it and ratified it.

### COUNT NINE
(Against All Defendants, Under Sec. 1983, *Monell*)

37. "[When] the complaint plausibly alleges a policy, custom, or practice leading to that violation], s[ee *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)[,] [and] Plaintiffs' allegations amount to . . . more than an 'isolated or sporadic incident[ ]' that . . . forms the basis f *Monell* liability for an improper custom. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)." *Saved Magazine v. Spokane Police Dep't*, 19 F.4th 1193, 1201 (9th Cir. 2001). Herein, all defendants are liable to all plaintiff because they had and have,

and foster, policies, practices, procedures, and customs of Eighth and Fourteenth Amendment violations by members of LASD, which policies, *etc.*, in violation of the these Amendments, were the moving forces that caused the violation of the plaintiff's rights, as alleged herein, and, also the supervisor defendants are liable because they have a custom of improperly indemnifying, and of conspiring to indemnify, LASD deputies for punitive damages assessed against those deputies by juries in civil rights cases, or settling those cases to avoid having to vote on whether or not to make such indemnifications, because this practice was a moving force that caused the violations of the plaintiffs' rights as alleged herein.

38. Additionally, the supervisor defendants for many years have been aware of and permit and condone and permit their sheriffs to not properly administer the sheriff's department, and provide no proper training or discipline of deputies, so that deputies feel free to violate the Constitution and here did so, and the supervisor defendants have failed to investigate the matter, and to take action against the sheriff, and thereby approved of them, condoned them, approved of them, and ratified them, with a meeting of their minds that this would occur.

39. The supervisor defendants are aware that LASD deputies customarily violate prisoners' constitutional rights, and they have approved of such conduct and condoned it and ratified it, as they have done in this instance.

40. This is their policy and custom, to do so.

## COUNT TEN
(Against All Defendants, RICO)

142. By doing the things alleged, and by attempting to do them, and/or aiding or abetting them, defendants thereby engaged in and committed the related RICO predicate acts, with similar purposes, results, participants, victims, and methods of commission, over a long and continuing period of time, going back at least 42 years, with a threat of continued racketeering activity of obstruction of justice and mail frauds, and continue to commit obstruction of justice, all by using

instrumentalities of interstate commerce, especially the United States mail, to accomplish their crimes, and thereby are liable under the civil RICO statute.

### Rico Predicate Acts

143. Beginning in or about February 2022, defendants tried to prevent plaintiffs from receiving United States mail from their attorney and sending United States mail to their attorney.

144. This was done pursuant to LASD custom, and it was condoned, approved of, and ratified by defendant **VILLANUEVA**, and condoned by the supervisor defendants.

145. **Obstruction of Justice and Mail Fraud.** These actions constituted at least two, and as many as 10,000 RICO predicate acts of obstruction of justice and/or mail fraud, and occurred by defendants inflicting constitutional violations on plaintiffs, and by preventing plaintiffs from exercising their federal constitutional rights, all as set forth hereinabove.

146. Each defendant, in his/her own right, and all defendants together, collectively, as well as their employees, who work in and for the County of Los Angeles, are all enterprises and associated-in-fact enterprises, within the meaning of 18 U.S.C. 1961(4), and therefore are RICO enterprises. All of the LASD defendants are a separate enterprise, like a true mafia, extortion/protection-type, racket-enterprise.

147. Each and all of defendants' activities affect interstate commerce.

148. Each defendant received and receives income, directly and/or indirectly, by way of insurance premiums, salary, compensation, reimbursement for expenses, *per diem* costs reimbursements, meals, lodging, and/or travel, pensions, *etc.*, from the pattern of racketeering activity alleged herein, and used and uses that income in the acquisition of an interest in and/or operation of the enterprise, in violation of 18 U.S.C. 1962(a), and acquired and/or maintained

control over said racketeering enterprise through a pattern of racketeering activities, as set forth herein, in violation of 18 U.S.C. 1962(b).

149. Defendants conducted and/or participated, and continue to conduct and participate in, said enterprises' affairs through a pattern of racketeering activities, in violation of 18 U.S.C. 1962(c).

150. The pattern of racketeering activities included, and continues to include, a continuous pattern and practice involving activities, including the RICO predicates of fraud, fraudulent concealment, obstruction of justice, and mail fraud, and defendants' defense of the instant action is and will continue to be and will be a continuation and a part of its RICO schemes, so that those who may participate in the defense, of this action may make themselves liable under RICO.

151. Defendants' associated-in-fact enterprises constitute a present and continuing threat of harm and additional RICO violations.

152. The enterprises' activities have occurred on more than one, and on many thousands of occasions, over at least the past 40 years and have been done on numerous occasions and constitute at least a thousand separate acts, as set forth hereinabove, not including the acts that will be included as part of the defense of the instant action.

153. At least one thousand, and as many as 10,000, RICO predicate acts have occurred.

154. The wrongful acts described in the matters enumerated hereinabove occurred over a significant period of time, and are related in that they evidence civil RICO predicates, including at least fraud, mail fraud, extortion, and obstruction of justice, and they pose a threat of continued criminal activity, have the same or similar purposes, results, participants and kinds and categories of participants, victims, methods of commission, and are otherwise interrelated by their common characteristics and participants, they are not isolated events, but are

both continuous and systemic, and each and all constitute a continuing pattern of racketeering activity and constitute a long term threat of continuing racketeering activity.

155. The activities led to defendants' control of and acquisition over the enterprises and resulted in the injuries to plaintiff and class members, as alleged herein, which resulted from defendants' participation in and control of the enterprises.

156. By failing to prevent the wrongful conduct herein alleged, misconduct that amounted to racketeering activities, all managerial and non-managerial employees and/or officers and/or agents of defendants engaged in and condoned racketeering activities.

157. The willful and/or negligent mismanagement of the enterprises, with knowledge by defendants charged with management, and potentially other defendants, that they were and continue to be operated as a RICO enterprises, directly caused the harm to plaintiff and to class members, as alleged herein.

158. The enterprises are RICO enterprises because they have hierarchical structures and consensual structures for making decisions, and those structures have an existence beyond that which is necessary to commit the RICO predicate acts alleged herein, in that the hierarchical and consensual structures exist to accomplish doing business, and the structures for decision-making exist separate and apart from the racketeering activities.

159. Each defendant unlawfully conspired with others, including other defendants, by understanding and agreeing to do, and having a meeting of the minds, and taking overt actions to support the matters hereinabove alleged, to violate the provisions of 18 U.S.C. 1962(b), (c), and (d), and, continued and continue to do so, with the aid and assistance of co-conspirators.

//

## CLASS ACTION ALLEGATIONS.

160. Plaintiffs are members of two classes of persons have been harmed and are and/or were being harmed by: Class 1, their placement in custody and retention in custody because they are unable to pay bail, and Class 2, their having been subjected to their right of access to the courts by the defendants' tampering with their legal mail.

161. The classes' memberships each are so numerous that joinder of all members is impracticable, and also, because only defendants know the names of all the members of classes, and are the only persons who have information sufficient to identify all of the members of classes, it is impracticable for plaintiffs to join the members of those classes in these actions.

162. There are only common questions of fact and of law with respect to each class member, to wit: are or were they being held unconstitutionally, because of their inability to pay bail, and were they subjected to denial of access to the courts by reason of the tampering with their legal mail.

163. The claims made by the representative parties plaintiff are typical of the claims of each plaintiff-class members' claims.

164. The representatives of the plaintiffs class fairly will represent and adequately protect the interests of all class members, and will do so both vigorously and zealously.

165. Prosecution of separate actions by individual plaintiff-class members would create a risk of inconsistent or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the classes, and defendants have acted and refused to act on grounds generally applicable to each class, and class questions predominate with respect to each class.

166. Therefore, these actions are maintainable under Fed. R. Civ. P. Rule 23(b)(1) and (2).

167. It is impracticable precisely to measure the size of the plaintiff-class, but it numbers in the several thousands.

168. The nature of the notice to be provided to class members is that, defendants could be ordered to notify all of the Sheriff's current and former County Jail prisoners and defendants would be ordered to provide the names of all L.A. County jail pretrial detainees for the relevant time period, which goes back to four years before the date on which this action was filed, and then actual notice would be sent to them via USPS.

**WHEREFORE**, plaintiffs request relief against each defendant as follows:

1. Compensatory damages $1,000,000 on all § 1983 claims and RICO claims, to be trebled on the RICO claims;

2. Punitive damages on all non-*Monell* claims, in sums to be determined by a jury, and as a percentage of the net worth of each defendant, in sums sufficient to deter future misconduct, and not less than $100,000,000 per defendant;

4. The costs of action and interest;

5. Attorneys' fees; and,

6. Such other relief as is just and proper.

### JURY DEMAND

Plaintiff demands trial by jury of all issues.

**YAGMAN + REICHMANN, LLP**

By: /s/ Stephen Yagman
**STEPHEN YAGMAN**